STEPHANIE R. BOLDEN, ESQ. (SBN 139364)
**IN PROPIA PERSONA**
436 Fourteenth Street, Suite 728
Oakland, California 94612
Telephone: (510) 287-9920
Facsimile: (510) 287-9923

Attorneys for Defendant
STEPHANIE R. BOLDEN

FILED

AUG 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiffs,<br><br>vs.<br><br>STEPHANIE R. BOLDEN<br><br>    Defendants. | CASE NO. CV 08-3087 (SLM)<br><br>**DEFENDANT STEPHANIE R. BOLDEN'S ANSWER TO PLAINTIFF'S COMPLAINT**<br>STUDENT LOAN/DEBT COLLECTION CASE |

ANSWER TO THE COMPLAINT

COMES NOW STEPHANIE R. BOLDEN, THE DEFENDANT IN THE ABOVE ENTITLED MATTER ALLEGING THE FOLLOWING:

1. Defendant denies each and every allegation contained in paragraph 1 of Plaintiff, United States of America, hereinafter "Plaintiff" complaint.

2. Defendant denies each and every allegation contained in paragraph 2 of Plaintiff's complaint.

3. Defendant denies each and every allegation contained in paragraph 3 of Plaintiff's complaint.

.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim - All Causes of Action)

The Complaint fails to state a claim upon which relief may be granted against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitation - All Causes of Action)

The claims set forth in the Complaint are barred to the extent they exceed the applicable statutes of limitations including, but not limited to, California Government Code Section 12960 *et seq.* and California Code of Civil Procedure Sections 338(a), 339, 340(3) and any applicable federal statute or case law.

### THIRD AFFIRMATIVE DEFENSE
(No Injury - All causes of Action)

Plaintiffs sustained no injury or damages by reason of any act or omission attributable to Defendant.

### FOURTH AFFIRMATIVE DEFENSE
(Contributory Negligence or Intentional Conduct - All Causes of Action)

If Plaintiffs sustained any injury, damage, loss and/or detriment as alleged in the Complaint, which Defendant denies, the injury, damage, loss and/or detriment, in whole or in part, was caused and contributed to by Plaintiffs' action, in that they failed to use ordinary care and diligence or engaged in other conduct contributing to or causing such loss, injury, damage, loss and/or detriment, and any recovery should be barred or reduced in proportion to the amount of Plaintiffs' contributory or comparative fault or resulting from Plaintiffs' negligence or intentional conduct.

### FIFTH AFFIRMATIVE DEFENSE
(Assumption of Risk - All Causes of Action)

Plaintiffs knowingly and willingly assumed the risk of their alleged injuries and damages,

thereby proximately causing and contributing to their injuries and damages, if any.

### SIXTH AFFIRMATIVE DEFENSE
#### (Unforeseen Damages - All Causes of Action)

Plaintiffs could not reasonable be foreseen and were not foreseen by Defendant to be reasonable, probable consequences of any alleged act attributable to Defendant.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Damages Not Caused by Defendant - All Causes of Action)

Plaintiffs' injury, damage, loss and/or detriment, if any, was caused, in whole or in part by a party other than this answering Defendant and any injuries, damages, loss and/or detriment allegedly incurred by them were not the result or cause of any acts, omission, or other conduct of Defendant.

### EIGHTH AFFIRMATIVE DEFENSE
#### (Privilege or Justification - All Causes of Action)

Any actions and/or omissions attributable to Defendant were at all times privileged or justified.

### NINTH AFFIRMATIVE DEFENSE
#### (Unclean Hand - All Causes of Action)

The claims set forth in the Complaint are barred to the extent Plaintiff is guilty of unclean hands in connection with the allegations set forth in the Complaint.

### TENTH AFFIRMATIVE DEFENSE
#### (Estoppel - All Causes of Action)

The claims set forth in the Complaint are barred by reason of Plaintiffs' own inconsistent, improper, or negligent statements and/or conduct, and/or that of Plaintiffs' representatives or agents, and therefore Plaintiffs are estopped from recovering on any of the claims.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate - All Causes of Action)**

Recovery in this matter is barred or must be reduced by virtue of Plaintiffs' failure to mitigate their damages.

### TWELFTH AFFIRMATIVE DEFENSE
**(Waiver - All Causes of Action)**

The claims set forth in the Complaint are barred by the doctrine of waiver.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Ratification - All Causes of Action)**

The claims set forth in the Complaint are barred because any conduct by or attributable to Defendant was ratified by Plaintiffs and/or their representatives or agents.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Laches - All Causes of Action)**

The claims set forth in the Complaint are barred in whole or in part by the equitable doctrine of laches.

### FIFTEENTH AFFIRMATIVE DEFENSE
**(Prompt Remedial Action - All Causes of Action)**

Plaintiffs' claims are barred to the extent that this answering Defendant took prompt and appropriate remedial action upon learning of the alleged unlawful conduct directed at Plaintiffs, if any.

### SIXTEENTH AFFIRMATIVE DEFENSE
**(After-Acquired Evidence - All Causes of Action)**

The claims set forth in the Complaint are barred to the extent Plaintiffs engaged in any fraud or misconduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Justiciable Reliance - All Causes of Action)

Defendant is informed and believes, and upon such information and belief alleges, that Plaintiffs did not justifiably rely on any act or omission of Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Prompt Remedial Action - All Causes of Action)

Plaintiffs knew or should have known that the claims in the Complaint are without any reasonable basis in law and equity and cannot be supported by good-faith argument for extension, modification or reversal of existing law. As a result of the filing of this Complaint, Defendant has been required to obtain the services of the undersigned attorneys and has and will continue to incur substantial costs and attorneys' fees in defense of this frivolous case. Defendant is therefore entitled to recover reasonable attorney' fees, expenses, and costs incurred by and through this action.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Statutes of Fraud, CC §1624 *et seq.*, - All Causes of Action)

The claims set forth in the Complaint are barred by the statute of frauds which provides that certain types of contracts such as real estates contracts are unenforceable unless evidenced by a writing.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**WHEREOF**, Defendant prays as follows:

1. That plaintiffs takes nothing by the Complaint and that this Complaint be

1 | dismissed with prejudice;
2. For costs of suit and reasonable attorneys' fees incurred herein; and
3. For such other and further relief as this Court deems proper.

Dated: August 4, 2008

IN PROPIA PERSONA

*Stephanie R. Bolden* (signature)
Stephanie R. Bolden, Esq.
Attorneys for Defendant,
Stephanie R. Bolden

**PROOF OF SERVICE**
(CCP §113 (a)(3))

I am a citizen of the United States and an employee in the County of Alameda, State of California. I am over the age or eighteen (18) years and not a party to the within action. My business address is 436 Fouirteenth Street, Suite 728, Oakland, California 94612.

On the date specified below, I caused the within ANSWER TO COMPLAINT STUDENT LOAN/DEBT COLLECTION CASE to be served on the party(ies) named below by the indicated method of service:

__XX__ BY MAIL:   I caused each envelope, with postage fully paid, to be placed for collection and mailing following the ordinary business practices of the Law Offices of Stephanie R. Bolden [CCP 1013a, 2015.5]

        Michael Consentino SBN 83253
        PO Box 129
        Alameda, CA 94501

_____ BY OVERNIGHT COURIER:   I caused each envelope, with postage fully prepaid, to be deposited with _____ for priority delivery on the next day. (Name and address of the courier)

_____ BY PERSONAL SERVICE:   I caused each envelope to be delivered by hand to the offices listed below:

_____ BY FACSIMILE:   I caused each document to be sent by facsimile to the interested party(ies) at the following facsimile number(2):

8/4/08

*Stephanie R. Bolden* (signature)
STEPHANIE R. BOLDEN